UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

F. JOHNSON, et al.,

    Defendants.
_____/

Case No. 1:17-cv-768

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 involving alleged violations of his First, Eighth, and Fourteenth Amendment rights against remaining Defendants Johnson and VanOpynen. Defendants filed a motion for summary judgment and Plaintiff filed a response. The matter was referred to the Magistrate Judge, who issued a thorough Report and Recommendation (R&R), recommending the Court grant in part and deny in part Defendants' motion. Specifically, the Magistrate Judge recommends the Court (1) grant summary judgment on Plaintiff's retaliation claim against Defendant VanOpynen, Plaintiff's conspiracy claim against both Defendants, and Plaintiff's due process and excessive force claims against Defendant Johnson; and (2) deny summary judgment on Plaintiff's retaliation claim against Defendant Johnson, limited to Plaintiff's allegations regarding the misconduct ticket and Defendant Johnson's act of jamming the identification scanner into Plaintiff's hands.

The matter is presently before the Court on Plaintiff's and Defendants' cross objections to the Magistrate Judge's Report and Recommendation. Additionally, Plaintiff has filed a response

to Defendants' objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. Plaintiff's Objections

Plaintiff makes several statements in his objections, many of which are mere restatements of fact as to the various claims and present no specific objections to the Magistrate Judge's Report and Recommendation (Pl. Obj., ECF No. 69). Plaintiff asserts seven substantive objections warranting consideration.[1]

First, in discussing Plaintiff's retaliatory transfer claim, it appears Plaintiff objects to the Magistrate Judge's determination that he did not face an adverse action in being transferred to another unit (*id.* at PageID.450-451). Plaintiff asserts that "[t]he potential of severe adverse action from moving to the worst place at LCF [Lakeland Correctional Facility], satisfies the prong" and that Defendant Johnson's request to move Plaintiff creates a causal connection (*id.* at PageID.451-452). Contrary to Plaintiff's assertions, the Magistrate Judge properly determined, in citing multiple authorities, that Plaintiff "has not alleged or shown that a transfer to either the pole barns or unit C-3 was equivalent to a transfer to administrative segregation," and Plaintiff otherwise presented no evidence warranting an exception to the general rule that transfer does not amount to

---

[1] The first two numbered paragraphs of Plaintiff's objections state that Plaintiff has not had "access to the law library since 3/4/20 …" and "to the extent this Court imposes a filing deadline for objections and claim[s] improperly filed objections, is to the extent Plaintiff needs counsel appointed …" (Pl. Obj., ECF No. 69 at PageID.449). Plaintiff also states that he "filed his response to the Defendant's motion for summary judgment under protest because he had requested additional discovery and presented [R]ule 56 affidavit's [sic] …" (*id.*). Because Plaintiff has had ample opportunity to submit evidence, submit objections, and respond to Defendants' motion and objections, and this issue was previously ruled upon by the Court (*see* R&R, ECF No. 66 at PageID.424 n.2), any "objection" in this regard is denied as moot.

an adverse action (R&R, ECF No. 66 at PageID.426). Plaintiff's arguments to the contrary are not persuasive in light of the established authority; Plaintiff has shown no error in the Magistrate Judge's conclusion that the undesirable conditions of unit C-3 did not constitute adverse action. Therefore, the objection is denied.

Second, Plaintiff objects to the Magistrate Judge's determination that Defendant Johnson's threats are too vague to constitute adverse action (Pl. Obj., ECF No. 69 at PageID.453-454; R&R, ECF No. 66 at PageID.430-431). Plaintiff argues that "[t]he statement made by [Defendant] Johnson, twice on two different occasions, was just that, a threat to inflict physical injury, not some metaphor or game, but real and proximate" (ECF No. 69 at PageID.454). However, Plaintiff's attempt to clarify the circumstances surrounding Defendant Johnson's statement does not sufficiently distinguish it from the law or facts cited by the Magistrate Judge, or those presented in *Hardy* where "the defendant's threat to make the plaintiff's life 'hell' was too vague to amount to adverse action" (R&R, ECF No. 66 at PageID.430-431; citing *Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018)). Therefore, the objection is denied.[2]

Third, Plaintiff objects to the Magistrate Judge's recommendation to grant Defendants' motion with respect to Plaintiff's due process claim (Pl. Obj., ECF No. 69 at PageID.454-455). Plaintiff asserts that he had a protected liberty interest in remaining free from false claims and false testimony made against him, and "[Defendant] Johnson gave false evidence in the misconduct [ticket] and testimony at Plaintiff's hearing," which was an egregious abuse of power (*id.* at PageID.455). Plaintiff merely states fragments of case law and facts in attempting to analogize his claims to those found to shock the conscience and constitute an "egregious abuse of

---

[2] Plaintiff's Objection (5), to the Magistrate Judge's determination that the retaliation claim against Defendant VanOpynen be dismissed, similarly fails based on this Court's rejection of Plaintiff's adverse action argument.

governmental power," none of which demonstrates an error in the Magistrate Judge's analysis or conclusion that the circumstances in this case do not establish the rare exception for inmate substantive due process claims (*see* R&R, ECF No. 66 at PageID.433-434). Therefore, the objection is denied.

Fourth, Plaintiff objects to the Magistrate Judge's determination regarding Plaintiff's excessive force claim that Defendant Johnson's conduct of "slamm[ing] the I.D. scanner into Plaintiff's wrist, that he knew was already damaged …" was not malicious or sadistic conduct and is not the type of force prohibited by the Eighth Amendment (*id.*). Plaintiff asserts that Johnson's action "not only caused a new injury, but where Plaintiff had surgery scheduled in 2012 on his wrist and [it] had not yet taken place, caused the hand bones that were jammed into the arm bones to swell the wrist, [causing] severe shooting nerve pain …" (*id.* at PageID.456). However, the Magistrate Judge properly pointed out, and Plaintiff fails to differentiate in his objection, the effects of his preexisting wrist injury and the alleged new injury, which were inconsistent with anything more than *de minimus* force (R&R, ECF No. 66 at PageID.436). Further, Plaintiff presents mere conclusory statements that Defendant Johnson acted maliciously or sadistically in using the identification sensor. Plaintiff has shown no factual or legal error in the Magistrate Judge's conclusions. Therefore, the objection is denied.

Fifth, Plaintiff objects to the Magistrate Judge's recommendation to dismiss Plaintiff's conspiracy claim against Defendants Johnson and VanOpynen (*id.* at PageID.456-457). Plaintiff states that he is a "federally registered Native American, these Defendant[s] are both white, [and] expressed dislike against Natives and legal work" (*id.* at PageID.457). Plaintiff relies on a determination that transferring him was retaliatory to support his argument that a conspiracy also existed (*id.*). However, the Magistrate Judge properly determined that because the transfers were

4

not adverse actions that violated Plaintiff's rights, "Plaintiff 'cannot succeed on a conspiracy claim [based on the transfers] because there was no underlying constitutional violation that injured [him]'" (R&R, ECF No. 66 at PageID.438; citing *Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 530 (6th Cir. 2009)). Therefore, the objection is denied.

Sixth, Plaintiff objects to the Magistrate Judge's determination that Plaintiff's claims for injunctive and declaratory relief should be dismissed because he is no longer incarcerated at LCF (Pl. Obj., ECF No. 69 at PageID.457). Plaintiff asserts that he "was placed back at LCF in the end of 2018, where similar issues took place …" (*id.*). The docket reflects that Plaintiff is housed at Macomb Correctional Facility and was housed there at the time the Report and Recommendation was issued. Therefore, Plaintiff's claims for injunctive and declaratory relief still appear to be moot. The objection is denied.

Seventh, Plaintiff states that "[t]he [M]agistrate [Judge] judged quality of evidence in all claims" (*id.*). However, an objection to a magistrate judge's report and recommendation must "specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCicR 72.3(b). District courts need not provide de novo review of frivolous, conclusive or general objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). While the weighing of evidence in determining a motion for summary judgment is improper, Plaintiff fails to identify a specific instance of weighing evidence, aside from a mere one-sentence general challenge (Pl. Obj., ECF No. 69 at PageID.457). Regardless, the Magistrate Judge did not improperly weigh the evidence but merely considered all evidence presented. Therefore, the objection is denied.

## II. Defendants' Objection

Defendants argue that the Magistrate Judge erred in recommending that summary judgment be denied as to Plaintiff's First Amendment retaliation claim concerning an August 9, 2014 incident with an "identification scanner." They contend there is insufficient record evidence to corroborate Plaintiff's claim that the August 9, 2014 incident was in retaliation for grievances filed more than two months earlier (Obj., ECF No. 67 at PageID.443).

More specifically, Defendants argue that in evaluating the causation element for Plaintiff's two retaliatory conduct claims, the misconduct ticket and the identification scanner action, the Magistrate Judge failed to consider relevant differences between the two alleged incidents with respect to "temporal proximity" and "intent or deliberateness" (*id*. at PageID.444-445). They assert the identification scanner incident "occurred on August 9, 2014, a full 79 days after the wrist brace grievance and 66 days after the first claimed adverse action, the "false" misconduct ticket," and there is no evidence of any intervening conduct that ties the scanner incident to the May grievances (*id*.). Defendants further argue that Plaintiff cites to nothing, other than his self-serving opinion, "showing this incident, assuming it even occurred, was deliberate or intentional as opposed to simple negligence," which is not actionable under § 1983 (*id*. at PageID.445). Defendants point to the Magistrate Judge's recommendation to grant summary judgment as to Plaintiff's Eighth Amendment claim based on the same August 9, 2014 incident's *de minimis* force and Plaintiff's failure to show that Johnson jammed the scanner maliciously and sadistically for the purpose of causing injury, rather than negligently (*id.*).

First, with regard to Defendants' latter argument, the Magistrate Judge noted that the question of an "adverse action" was close, but "the alleged retaliatory action of jamming a scanner into Plaintiff's hands is not an inconsequential act that constitutes a *de minimis* injury" (ECF No.

66 at PageID.429; emphasis added). Defendants fail to take into account the differing elements and standards for an "adverse action" in a retaliation claim, and for "excessive force" in an Eighth Amendment claim, which the Magistrate Judge properly considered. The Magistrate Judge noted that with regard to the standard for an "adverse action," "[w]hile having a scanner 'jammed' into one's hands might not, in the abstract, exceed the *de minimis* threshold, Plaintiff alleges that he had a damaged right wrist, his wrist brace had been confiscated, and Defendant Johnson was aware of these facts …" (*id.*).

Second, with regard to "temporal proximity," the Magistrate Judge pointed out that "Plaintiff relies on more than temporal proximity to establish a causal connection" (ECF No. 66 at PageID.431). The Magistrate Judge appropriately considered the various circumstances supporting a causal connection for Plaintiff's retaliation claims. Such circumstances are recited as well by Plaintiff in response to Defendants' objection, in noting the alleged continuing pattern of Johnson's conduct and the proximity of events to establish a causal connection (*see* Resp., ECF No. 70 at PageID.461-464).

Contrary to Defendants' arguments, given the overall allegations and circumstances in this case related in the Report and Recommendation, the Magistrate Judge properly concluded that there was sufficient evidence creating a question of fact for Plaintiff's retaliation claim based on the identification scanner incident to proceed (*see* R&R, ECF No. 66 at PageID.432). Defendants' objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 67 and 69) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 66) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 47) is **granted in part** and **denied in part**: (1) the Court grants summary judgment on Plaintiff's retaliation claim against Defendant VanOpynen, Plaintiff's conspiracy claim against both Defendants, and Plaintiff's due process and excessive force claims against Defendant Johnson; and (2) denies summary judgment on Plaintiff's retaliation claim against Defendant Johnson, limited to Plaintiff's allegations regarding the misconduct ticket and Defendant Johnson's act of jamming the identification scanner into Plaintiff's hands.

Dated: September 23, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge